UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


UNITED STATES OF AMERICA,

        **Plaintiff,**

-v-                                            Case No.: CR-2-95-044 (2)
                                                    JUDGE SMITH

**SHERMAN GILES,**
                                                      *Expedited Action Docket*

        **Defendant.**


## ORDER

This matter is before the Court on Defendant Sherman Giles's Motion to Reduce Sentence pursuant to 18 U.S.C. §3582(c)(2) in a Disputed Disposition Case (Doc. 1796). This Motion was filed on November 7, 2011. Defendant was originally sentenced on August 22, 1996 to 300 months imprisonment for conspiracy to possess with the intent to distribute cocaine and more than 5 grams of cocaine base, in violation of 21 U.S.C. §841(a)(1) and §841(b)(1)(C)) and 841(b)(1)(B)(iii). The sentence imposed was based on an offense level of 35 and criminal history category IV. Defendant's advisory sentencing guideline range was 235 to 293 months. Defendant's sentence of 300 months was an upward departure of 12%.[1]

Defendant's base offense level was reduced to a 35 after the November 1, 2007 crack amendment was retroactively applied to his case. When combined with Defendant's criminal

---

[1] The Judgment and Statement of Reasons filed in this case on August 22, 1996, incorrectly states that the offense level was a 37. The Court sustained Defendant's objection #16 and reduced Defendant's offense level from a 36 to a 35.

history category IV, the new advisory sentencing guideline range was 235 to 293 months. Defendant's sentence was reduced to a within guideline sentence of 264 months. (*See* Doc. 1767).[2]

On November 1, 2010, as part of the congressional directive embedded in the Fair Sentencing Act of 2010, the United States Sentencing Commission promulgated Guideline Amendment 748 which calibrated the crack cocaine guidelines of §2D1.1 to an 18:1 ratio. On June 30, 2011, the Commission promulgated Guideline Amendment 750 which effectively amended U.S.S.G. §1B1.10 to authorize the retroactive application of Guideline Amendment 748 to all defendants who are serving crack sentences as long as they meet certain eligibility criteria.

Counsel for the Defendant, for the Government, and representatives of the United States Probation Officer met to consider the merits of Defendant's case. All parties were in agreement that Defendant Giles met the eligibility criteria, however, the Government opposes any reduction asserting that such reduction would present a danger to the public because of Defendant Giles' prior record and prison behavior.

The Government asserts that Defendant Giles was originally sentenced to 300 months in prison for his role in an extensive drug conspiracy and his utilization of weapons during the course of that offense. The Government further argues that Defendant's conduct in prison has not been without incident. Defendant Giles has been cited with a number of rule violations since his incarceration in 1996 through 2009. These violations include: assaulting without serious injury; using telephone without authorization; possession of intoxicants; possession of a dangerous

---

[2] Again this calculation of the base offense level was an error based on the original judgment. Nonetheless, Defendant did receive a reduction in his sentence.

weapon; refusing to obey an order; being absent from assignment; fighting with another person; possession of unauthorized item; and being insolent to a staff member. Seven months after the Court's previous Order reducing Defendant's sentence, Defendant was caught with a dangerous weapon, which required greater security and a loss of some of his privileges.

Defendant, through counsel, seeks a reduction in sentence to 211 months, which would put him in the same position within the new guideline range as he was placed when the sentence was originally imposed. He argues that he was already sentenced based on his prior criminal history and to deny him this reduction would be double punishment.

The Probation Officer recommends that Defendant Giles receive the reduction based on the 2010 amendment. The Probation Officer submits that the Defendant has made positive accomplishments while incarcerated based upon the various educational programs in which he has been involved. Further, he asserts that for a period of 5 years, from 2004 to 2009, he did not sustain any rule violations. It is also significant that the Defendant was 19 years old at the time he committed the instant offense in 1993 and he is now 38 years old. The Probation Officer recommends that Court grant Defendant's Motion and reduce his offense level from a 35 to a 31, placing him in a new range of 151 to 188 months. A sentence of 211 months is recommended, an upward departure of 12% from the new advisory guideline range, which is consistent with the original sentencing.

Whether to grant a reduction of sentence pursuant to §3582(c)(2) is within the discretion of the court. *United States v. Ursery*, 109 F.3d 1129, 1137 (6th Cir. 1997). Although a defendant may qualify for a reduction in sentence, a reduction is not automatic. *See United States v. Vautier*, 144 F.3d 756, 760 (11th Cir. 1998) ("The grant of authority to the district court to reduce

a term of imprisonment is unambiguously discretionary."). In considering whether a reduced sentence is appropriate, this court must consider the factors in 18 U.S.C. §3553(a) to the extent that they are applicable. *See* §3582(c)(2).

Upon consideration of Defendant's motion and the statutory sentencing factors set forth in §3553(a), the Court concludes that a reduction of Defendant's term of incarceration is appropriate in light of the reduction in the applicable guideline range. While the Court shares the Government's concern that Defendant's offense was very serious and his criminal history was significant, he did receive a substantial period of incarceration (300 months) for this charge and the danger he posed to the public. The Court is also concerned with the Defendant's conduct while incarcerated, specifically his aggressive behavior of fighting and possessing a dangerous weapon.

After the November 1, 2010 crack amendment is retroactively applied to Defendant's case, his base offense level is reduced from a 35 to a 31, combined with his criminal history category IV, the new advisory sentencing guideline range is 151 to 188 months.

The Court concludes that a reduced sentence of 211 months is sufficient to reflect the seriousness of the offenses of conviction, to provide just punishment, and to afford adequate deterrence. The Court has further considered the need to protect the public from further crimes of the Defendant as urged by the Government and concludes that even with the reduction in sentence, Defendant will be incarcerated for a very lengthy period of time to protect the public and hopefully rehabilitate Defendant from committing future crimes.

Accordingly, Defendant's sentence of 264 months incarceration previously imposed in this case is hereby reduced to a term of incarceration of 211 months. The Court finds that a 211

month sentence is sufficient, but not greater than necessary, to comply with the purposes of sentencing.

Therefore, Defendant's Motion for Reduction of Sentence is **GRANTED**. Except as provided above, all other provisions of the judgment previously entered in this case shall remain in effect.

The Clerk shall remove Document 1796 from the Court's pending motion's list.

**IT IS SO ORDERED.**

   */s/ George C. Smith*

**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**

*Order Date:   January 4, 2012*
*Effective Date: January 13, 2012*