**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

**-v-**                                                         **Case No.: 2:95-CR-044 (13)**
                                                                    **JUDGE SMITH**

**LAMONT NEEDUM,**
                                                                    *Expedited Action Docket*
       **Defendant.**

## ORDER

      This matter is before the Court on Defendant Lamont Needum's Motion to Reduce Sentence pursuant to 18 U.S.C. §3582(c)(2) in a Disputed Disposition Case (Doc. 1801). This Motion was filed on March 23, 2012. Defendant Needum was convicted at trial of Counts 47 and 102, possession with intent to distribute over five grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)B)(iii). He was also convicted of Counts 92 and 96, possession with intent to distribute cocaine base in violation of 21 U.S.C. §841(a)(1). Defendant also received a two point enhancement for the use of a firearm to rob ATF undercover Agent Rodney Russell after selling him crack. Defendant was originally sentenced on March 28, 1996, to a total of 526 months. Pursuant to a remand by the Sixth Circuit, he was re-sentenced on March 15, 2000, to 327 months, based on a total offense level of 38 and a criminal history category II.

On December 30, 2008, Defendant first moved this Court pursuant to 18 U.S.C. § 3582(c) to reduce his sentence according to the crack cocaine amendment 706. All parties agreed that Defendant Needum was technically eligible for the reduction, however, the Government opposed the motion on public safety grounds. The Court denied Defendant's motion finding that the Defendant has been a danger to the community based on his past conduct and may still pose a danger if released early.

On November 1, 2010, as part of the congressional directive embedded in the Fair Sentencing Act of 2010, the United States Sentencing Commission promulgated Guideline Amendment 748 which calibrated the crack cocaine guidelines of §2D1.1 to an 18:1 ratio. On June 30, 2011, the Commission promulgated Guideline Amendment 750 which effectively amended U.S.S.G. §1B1.10 to authorize the retroactive application of Guideline Amendment 748 to all defendants who are serving crack sentences as long as they meet certain eligibility criteria.

Counsel for the Defendant, for the Government, and representatives of the United States Probation Officer met to consider the merits of Defendant's case. All parties were in agreement that Defendant Needum met the eligibility criteria, however, the Government opposes any reduction in Defendant's sentence on public safety grounds.

The Government asserts that Defendant Needum's violent conduct in this case and his criminal history illustrate his dangerous nature and he should be held accountable for his actions. The Government also references Defendant's disciplinary incidents in prison prior to the Court's first denial of his motion.

Defendant, through counsel, seeks a reduction in sentence from 327 months to 210 months, which would put him in the same position within the new guideline range as he was

placed when the sentence was originally imposed. Defendant argues that he was a 19 year old kid when he committed the instant offense and now he is a 36 year old man who has adjusted well in prison and is using his time in a productive manner. Aside from some minor disciplinary problems in 1997 and 1998, he has not had a single disciplinary problem for the last 14 years. Defendant has maintained full-time employment while incarcerated, has fulfilled his court ordered financial obligations, and has completed some courses.

Defendant argues that even if the Court grants this motion, it will not result in Defendant's release from custody. In addition to this case, Defendant was indicted in Franklin County for aggravated robbery, robbery, kidnaping and unlawful possession of a dangerous ordinance based on the robbery of Agent Russell. Ultimately, Defendant pled guilty to aggravated robbery with a firearm specification. He was sentenced to 10 to 25 years concurrent with the time he is presently serving for the federal offense, and an additional three years for the firearm specification consecutive to the sentence in the state case and the federal sentence.

The Probation Officer recommends that the Court grant Defendant Needum's motion and reduce his offense level from a 38 to a 34, combined with a criminal history category II, the new advisory guideline range is 168 to 210 months.

Whether to grant a reduction of sentence pursuant to §3582(c)(2) is within the discretion of the court. *United States v. Ursery*, 109 F.3d 1129, 1137 (6th Cir. 1997). Although a defendant may qualify for a reduction in sentence, a reduction is not automatic. *See United States v. Vautier*, 144 F.3d 756, 760 (11th Cir. 1998) ("The grant of authority to the district court to reduce a term of imprisonment is unambiguously discretionary."). In considering whether a reduced sentence is appropriate, this court must consider the factors in 18 U.S.C. §3553(a) to the extent

that they are applicable. *See* §3582(c)(2).

Upon consideration of Defendant's motion and the statutory sentencing factors set forth in §3553(a), the Court concludes that some reduction of Defendant's term of incarceration is appropriate in light of the reduction in the applicable guideline range. The Court shares the Government's concern that Defendant's offense conduct in this case, as well as his criminal history is very serious. The Court will therefore take the Government's concerns into account and not give Defendant the full reduction under the November 1, 2010 crack amendment. The Court will reduce Defendant's base offense level by three levels from a 38 to a 35, combined with a criminal history category II, the new advisory sentencing guideline range is 188 to 235 months.

The Court concludes that a reduced sentence of 235 months is sufficient to reflect the seriousness of the offenses of conviction, to provide just punishment, and to afford adequate deterrence. The Court has further considered the need to protect the public from further crimes of the Defendant as urged by the Government and concludes that even with the reduction in sentence, Defendant will be incarcerated for a very lengthy period of time to protect the public and hopefully rehabilitate Defendant from committing future crimes. In addition, Defendant still has at least three years to serve in state custody following the completion of his sentence in this case.

Accordingly, Defendant's sentence of 327 months incarceration previously imposed in this case is hereby reduced to a term of incarceration of 235 months. The Court finds that a sentence of 235 months is sufficient, but not greater than necessary, to comply with the purposes of sentencing.

Therefore, Defendant's Motion for Reduction of Sentence is **GRANTED in part**. Except

as provided above, all other provisions of the judgment previously entered in this case shall remain in effect.

The Clerk shall remove Document 1801 from the Court's pending motion's list.

**IT IS SO ORDERED.**

                                              */s/ George C. Smith*

                                              **GEORGE C. SMITH, JUDGE**
                                              **UNITED STATES DISTRICT COURT**